# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHNNY CULLINS, | ) |
| Plaintiff, | ) Case No. 09 C 1797 |
| v. | ) Judge Blanche M. Manning |
| OFFICER NELSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, Johnny Cullins, an inmate at the Danville Correctional Center, filed suit, *pro se*, against Defendants, Sergeant Duane Collins, Lieutenant Craig Johnson, and Correctional Officer Valiria Nelson, alleging deliberate indifference to his serious medical needs related to a one-time delay in his receipt of pain medication. Presently pending before the Court is Defendants' motion for summary judgment. For the reasons stated in this order, Defendants' motion for summary judgment is granted.

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on

unsubstantiated facts or by merely resting on its pleadings.  *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001).  Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial.  *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982).  This notice clearly sets out the requirements of this Court's Local Rule 56.1.  In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may require strict compliance with Local Rule 56.1.  *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local

rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). The court may disregard statements and responses that do not comply with Local Rule 56.1. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005).

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.).

In response to Defendants' motion, Plaintiff filed: (1) a memorandum of law in support of his response to Defendants' motion for summary judgment and their undisputed facts and (2) a response to Defendants' motion for summary judgment. Plaintiff's memorandum of law includes nine, numbered paragraphs labeled "undisputed material facts." However, contrary to Local Rule 56.1(b)(3), Plaintiff fails to support any of his proposed undisputed facts with any specific references to the affidavits, parts of the record, or other supporting materials that he is relying on to support his proposed undisputed facts. Plaintiff attached some exhibits to his memorandum but his proposed statements of undisputed facts fail to include citation to these exhibits. Furthermore, neither of Plaintiff's filings include a response to Defendants' proposed undisputed facts. Accordingly, Defendants' proposed undisputed facts are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B). However, because Plaintiff is proceeding *pro se*, the Court will consider the factual assertions he makes in his response, but

only to the extent that Plaintiff could properly testify about the matters asserted at trial – that is, only with respect to those facts within Plaintiff's personal knowledge. *See* Fed. R. Evid. 602.

## FACTS

In December of 2007, Plaintiff suffered a broken rib. (Defs.' 56.1(a)(3) Statement ¶ 3.) Plaintiff was treated at Holy Cross Hospital for approximately two weeks, after which, his treating physician told Plaintiff that his rib had completely healed. (*Id.*, at ¶ 4.)

On December 6, 2008, Plaintiff was arrested and detained at Cook County Jail. That same day, Plaintiff received a medical screening, including a physical evaluation. (Defs.' 56.1(a)(3) Statement ¶ 5.) During his physical examination, Plaintiff complained to medical personnel of chest pains and he requested medication. Plaintiff was immediately provided pain medication (Motrin). (*Id.*, ¶ 6.) Plaintiff believes that the chest pain stemmed from his previously fractured rib. (*Id.*, ¶ 7.) Thereafter, Plaintiff received pain medication on a daily basis. (*Id.*, ¶ 8.) Plaintiff worked for approximately two weeks as a detainee worker. Plaintiff's duties included lifting pots, pans, brooms, and mops. Plaintiff did not have any difficulty performing his job duties. (*Id.*, ¶ 10.)

On or around December 21, 2008, Plaintiff injured his leg and complained to a shift commander. The shift commander immediately contacted medical personnel, who responded shortly thereafter. (Defs.' 56.1(a)(3) Statement ¶ 11.) Plaintiff received an x-ray of his leg that indicated a "bruise." (*Id.*, ¶ 12.) In February of 2009, Plaintiff completed a medical request form asking to be evaluated by a doctor regarding his chest pain. Soon thereafter, Plaintiff was evaluated by a doctor who performed a physical examination and an x-ray of Plaintiff's chest.

The examination and x-ray showed no fractures and no abnormalities. Plaintiff was again prescribed pain medication (Motrin). (*Id.*, ¶ 13.)

On March 8, 2009, sometime between 10:00 a.m. and 1:30 p.m., Plaintiff was in his cell when he observed a nurse passing out medications near the tier door. Correctional Officer Nelson was assigned to the tier and he was stationed near the tier door. (Defs.' 56.1(a)(3) Statement ¶ 14.) At that time, Plaintiff did not speak to either the nurse or Nelson and the nurse eventually left the tier without giving Plaintiff his pain medication. (*Id.*, at ¶ 15.) At approximately 1:30 p.m., Nelson opened up the cell doors in order to lock up the detainees. Plaintiff approached Nelson and asked him why he had not let him out of cell to get his medication. Plaintiff did not inform Nelson that he was experiencing any type of medical emergency. (*Id.*, ¶ 16.) Nelson immediately contacted her supervisors, Sergeant Collins and Lieutenant Johnson, via the radio and requested that they respond to the tier. (*Id.*, ¶ 17.) Approximately three minutes later, Collins and Johnson arrived on the tier and asked Plaintiff what the issue was. Plaintiff stated that "Officer Nelson wouldn't let me out of my cell to receive my medication." Plaintiff did not inform Collins or Johnson that he was experiencing any type of medical emergency. (*Id.*, ¶ 18.) At approximately 5:30 p.m., Plaintiff was taken to the medical dispensary, where he received his pain medication and an electrocardiogram. (*Id.*, ¶ 19.) The electrocardiogram showed no abnormalities. (*Id.*, ¶ 20.)

On May 18, 2009, Plaintiff complained that he was experiencing chest pains. Plaintiff was immediately taken to the medical unit, where he was evaluated by a physician. (Defs.' 56.1(a)(3) Statement ¶ 21.) During the evaluation, Plaintiff told the physician that he experienced chest pain every 2-3 days and that the pain would last for approximately 5 minutes.

(*Id.*, ¶ 22.) Plaintiff received a physical examination and an x-ray and ultrasound of his chest were taken. The results indicated no fractures, abnormalities and no medical emergencies. (*Id.*, ¶ 23.)

Cook County Jail has a grievance procedure that was available to all inmates, including Plaintiff, in March of 2009. (Defs.' 56.1(a)(3) Statement ¶ 25.) Plaintiff alleges that he filed a grievance on March 9, 2009, regarding the delay in receiving his pain medication on that day. (*Id.*, ¶ 26.) Plaintiff submitted his complaint in the instant case on March 14, 2009. (*Id.*, ¶ 26.) Plaintiff had not received a response from his grievance when he filed suit but alleges that he asked about the status of his grievance before filing suit and that he was told that there was no grievance on file. (*Id.*, ¶ 28; Plaint.'s Response to Defs.'s Motion for Summary Judgement.)

**ANALYSIS**

Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

An inmate must take all the steps required by the prison or jail's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Exhaustion is a

precondition to filing suit, so that an inmate's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *Ford,* 362 F.3d at 398; *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999). The purpose of the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before the filing of a federal lawsuit. *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). Failure to exhaust administrative remedies is an affirmative defense; correctional officials have the burden of proving that the inmate had available remedies that he did not utilize. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

Plaintiff concedes that he did not fully exhaust the required administrative remedies as to his grievance regarding his delay in medication before filing suit but argues that once he was told no grievance was on file he "took the next best step" and filed the instant suit. However, the response that a grievance was not on file did not excuse Plaintiff's requirement that he exhaust the available administrative remedies. Instead of pursuing the grievance procedure and determining what happened to the purported grievance or filing another grievance, Plaintiff immediately filed suit.

This was improper as he was required to fully exhaust his administrative remedies before doing so. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (prison official's failure to respond to grievance renders administrative remedies unavailable but plaintiff must still attempt to use the grievance procedure to its full extent). Accordingly, Plaintiff did not exhaust his administrative remedies prior to filing suit so his complaint is dismissed for failure to exhaust administrative remedies.

<u>Deliberate Indifference to Serious a Medical Need</u>

In any event, even if the court assumes that Plaintiff properly exhausted his available administrative remedies, Plaintiff has not demonstrated that the Defendants were deliberately indifferent to a serious medical need.

Pretrial detainees have a right to adequate medical treatment under the Fourteenth Amendment. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Claims of deliberate indifference to a serious medical need of a pretrial detainee under the Fourteenth Amendment uses the same standard for deliberate indifference to a serious medical need under the Eighth Amendment. *See Williams*, 509 F.3d at 401. A claim of deliberate indifference includes both an objective and subjective element. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). As to medical care, "the objective element requires that the inmate's medical need be sufficiently serious" to implicate the Constitution. *Guiterrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or it is so obvious that even a lay person would recognize the necessity of medical treatment. *See Foelker v. Outgamie County*, 394 F.3d 510, 512 (7th Cir. 2005).

The subjective element requires that the prison official act with sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). The negligent or inadvertent failure to provide adequate medical care is not actionable under 42 U.S.C. § 1983 because such a failure is not an "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 106. Furthermore, medical negligence is insufficient to demonstrate deliberate indifference. *See Foelker*, 394 F.3d at 513. However, a prisoner does not need to prove that the prison official "intended, hoped for, or desired the harm that transpired." *Haley v. Gross*, 86 F.3d 630, 641 (7th

Cir. 1996). Instead, it is sufficient if the prisoner demonstrates that the prison official actually knew of a substantial risk of harm to the prisoner and acted or failed to act in disregard to that risk. *See Walker*, 293 F.3d at 1037. An inmate can demonstrate that a prison official knew of a substantial risk of harm if the fact of that risk is obvious. *See Walker*, 293 F.3d at 1037. The court examines the totality of the medical care provided and isolated incidents of delay do not rise to the level of deliberate indifference. *See Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000); *Gutierrez v. Peters*, 111 F.3d 1364, 1374-75 (7th Cir. 1997).

Plaintiff has not demonstrated that his intermittent chest pains constituted a serious injury or medical need. Plaintiff had a previous rib injury; however, that injury had completely healed fifteen months prior to March 9, 2009. Plaintiff was able to perform manual labor while incarcerated and his multiple examinations never indicated any abnormalities. Thus, Plaintiff has not demonstrated that he suffered from a serious injury or medical need. *See Guitierrez*, 111 F.3d at 1372 (not every ache, pain, or discomfort creates a constitutional violation).

Furthermore, Plaintiff has failed to demonstrate that any of the Defendants acted with deliberate indifference to Plaintiff's medical care as to a few hours delay in his receipt of his pain medication (Motrin). In light of the totality of medical care provided to Defendant for his chest pains and a one-time, few hour delay in the receipt of pain medication, a reasonable juror could not find that any of the Defendants acted with deliberate indifference to Plaintiff's medical needs. *See Walker*, 233 F.3d at 501 (given totality of medical care inmate received for his hemophilia, isolated incidents of delay in administering clotting protein could not be considered to be deliberate indifference); *Gutierrez*, 111 F.3d at 1374-75 (isolated incidents of neglect during an otherwise continuous ten-month stretch of adequate medical care *did* not rise to an inference of

deliberate indifference).

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [35] is granted. The Clerk is directed to enter a Rule 58 judgment in favor of the Defendants. The case is terminated.

DATE:  May 13, 2010

*Blanche M. Manning*
Blanche M. Manning
United States District Court Judge